1  BRIAN A. PAINO (AZ BN 027091)
   KYLE J. SHELTON (AZ BN 027379)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385
5  kshelton@piteduncan.com

6  Attorneys for GMAC MORTGAGE, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>HECTOR MANUEL RIVERA AND ELVA LILIA RIVERA,<br><br>Debtor(s).<br><br>GMAC MORTGAGE, LLC,<br><br>Movant,<br><br>vs.<br><br>HECTOR MANUEL RIVERA AND ELVA LILIA RIVERA, Debtor(s); and HECTOR MANUEL RIVERA AND ELVA LILIA RIVERA, Chapter 13 Trustee,<br><br>Respondents. | Case No. 2:10-BK-10746-GBN<br><br>Chapter 13<br><br>STIPULATION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY |

The above-captioned matter came on for hearing on January 25, 2011 in the courtroom of the Honorable Judge B. Nielsen, upon the motion of GMAC Mortgage, LLC (hereinafter "Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Hector Manuel Rivera and Elva Lilia Rivera (hereinafter "Debtors") commonly known as 3540 E Melvin St, Phoenix, Arizona 85008 -6263, which is more fully described as follows:

> LOT 12, OF BLOCK 24 OF SUNBEAM UNIT 1, ACCORDING TO BOOK 37 OF MAPS, PAGE 28, RECORDS OF MARICOPA COUNTY, ARIZONA

- 1 -

THE PARTIES STIPULATE AS FOLLOWS:

1. The automatic stay of 11 United States Code section 362 shall remain in effect subject to the terms and conditions stated herein:

2. Commencing February 15, 2011, and continuing until such time as court enters an order confirming the Debtor's Chapter 13 Plan, Debtor shall tender adequate protection payments to Movant in the amount of $479.04.

3. The amount of $479.04 is purely for purposes of adequate protection payments during the period before the confirmation of the Debtor's Chapter 13 Plan, and does not indicate any acceptance of the Debtor's proposed treatment of the Movant's claim in the Chapter 13 Plan.

4. In the event the Debtor fails to tender any payment prescribed under paragraph two (2), a default letter will be sent to Debtors, Hector Manuel Rivera and Elva Lilia Rivera at 3636 East Granada Road, Phoenix, AZ 85008 and to the Debtors' attorney on record, Nasser U. Abujbarah at The Law Offices of Nasser U. Abujbarah, 5785 E. Azure Hills, Cave Creek, AZ 85331, indicating the nature of the default. If debtors fail to cure the default within fifteen (15) calendar days of the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

5. In the event that the Debtors default under this Stipulation and Movant forwards a 15 day default letter to Debtors, they shall be required to tender $50.00 for each instance where a default letter is submitted in order to cure the default.

6. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

7. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

9. In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtors.

10. The parties agree that a facsimile of a signature to this Stipulation can be treated as and shall have the same force and effect as an original signature. The parties further agree that this Stipulation may be executed in counterparts.

IT IS SO STIPULATED:

DATED: February 9, 2011          PITE DUNCAN LLP

/s/ KYLE J. SHELTON 027379
KYLE J. SHELTON
Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

DATED: February 9, 2011          /s/ NASSER U. ABUJBARAH 026182
NASSER U. ABUJBARAH
Attorney for Debtor(s)